FILED
2005 Sep-22 AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**BETTY ALEXANDER,** ]
]
**Plaintiff,** ]
]
**v.** ] **CV-04-BE-949-S**
]
**CITY OF BIRMINGHAM, et al.,** ]
]
**Defendants.** ]
]

## MEMORANDUM OPINION

## I. INTRODUCTION

This case is before the court on a motion for summary judgment (doc. # 19), a brief in support of the motion for summary judgment (doc. # 20), and evidentiary materials in support of the motion for summary judgment (doc. # 21) filed by The City of Birmingham, Alabama. Defendant Joel Montgomery also filed a motion for summary judgment (doc. # 30) and evidentiary materials in support of his motion for summary judgment (doc. # 27). The plaintiff filed a brief in opposition to the motion for summary judgment (doc. # 25) with supporting evidentiary submissions (doc. # 26). Following briefing by both sides, the court held a motion hearing on September 15, 2005.

Plaintiff Betty Alexander alleges a violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq*., ("Title VII") and 42 U.S.C. § 1983 against the City of Birmingham and Birmingham City Councilman Joel Montgomery. Alexander's claims are based upon her December 1, 2003 termination from her job as Montgomery's administrative assistant.

## II. FINDINGS

The court has considered the parties' briefs and evidentiary submissions; the arguments in support of and in objection to the motion presented at the September 15, 2005 oral argument; and the applicable standard of review. For the reasons stated on the record[1] at the motion hearing and summarized below, the court finds that the motion for summary judgment filed by the City of Birmingham is due to be GRANTED and the motion for summary judgment filed by defendant Joel Montgomery is due to be GRANTED in part and DENIED in part.

(1) The motions for summary judgment on the plaintiff's Title VII claims filed by the City of Birmingham and defendant Joel Montgomery are GRANTED. The court finds that the plaintiff was a member of Montgomery's personal staff and thus, excluded from the definition of an "employee" contained in 42 U.S.C. § 2000e(f). Utilizing the factors noted with approval by the Eleventh Circuit in *Laurie v. Alabama Court of Criminal Appeals*, 88 F. Supp. 2d 1334, 1339 (M.D. Ala. 2000), *aff'd* 256 F.3d 1266, 1269 (11th Cir. 2001), the court makes the following findings as a matter of law.[2]

Defendant Joel Montgomery is an elected official who had plenary powers of appointment and removal over the plaintiff's position; (2) the plaintiff was personally

---

[1]Based on the lengthy and through presentation of the facts in the parties' briefs and the factual matters discussed at the September 15, 2005 oral argument, the court does not include a recitation of all the facts in this Order.

[2]Although the exemption is to be construed narrowly and involves a highly factual inquiry, summary judgment nevertheless may be appropriate when no genuine issue of material fact arises as to the applicability of the relevant factors. *Cf., Dubisar-Dewberry v. District Attorney's Office of Twelfth Judicial Circuit of State of Ala*., 927 F. Supp. 1479, 1483 (M.D. Ala. 1996) (holding that person appointed by the district attorney to the child support coordinator position fell within the ambit of the personal staff exception to Title VII's definition of employee); *Gunaca v. State of Tex.,* 65 F.3d 467, 473 (5th Cir. 1995).

accountable only to defendant Montgomery; (3) Alexander represented Montgomery in the eyes of the public; (4) defendant Montgomery exercised a considerable amount of control over the plaintiff's position; (5) pursuant to the City Council's organizational structure,[3] Alexander reported only to defendant Montgomery; and (6) the actual intimacy of the working relationship between plaintiff and Montgomery indicates that the plaintiff was a member of Montgomery's personal staff. *Cf., Bland v. New York*, 263 F. Supp. 2d 526, 538 -539 (E.D.N.Y. 2003) (holding that judge's secretary falls within the personal staff exemption based on persuasive authority from other jurisdictions and legislative history); *Howard v. Ward County,* 418 F. Supp. 494, 539 (D.N.D. 1976) (stating that exemptions in § 2000e(f) were aimed at persons such as members of a governor's cabinet or a mayor's personal secretary, provided they are not protected by state civil service).

(2) Defendant Joel Montgomery's motion for summary judgment is DENIED on the plaintiff's disparate treatment claims pursuant to 42 U.S.C. § 1983. When construed in the light most favorable to the plaintiff, the court finds that a jury could reasonably conclude that plaintiff and William Ricker were treated dissimilarly for job duties that they were both required to perform. *See Lathem v. Dep't of Children & Youth Servs*., 172 F.3d 786, 793 (11th Cir. 1999) (finding that plaintiff and her immediate supervisor were valid comparators and reasoning that the relevant inquiry is not whether the employees hold the same job title, but whether the employer subjected them to different employment policies).[4]

---

[3]*See* doc. # 21, *Ex*. 3.

[4]In his answer, Montgomery pleads the affirmative defense of qualified immunity. However, neither his brief in objection to the motion for summary judgment nor his reply brief address the issue of qualified immunity or provide the court with any legal support for a claim for qualified immunity.

(3) Defendant Joel Montgomery's motion for summary judgment is DENIED on the plaintiff's gender-based hostile work environment claims under 42 U.S.C. § 1983. Utilizing the five-prong paradigm for analyzing hostile working environment claims, the court finds that a jury could reasonably conclude that Montgomery created both an objectively and subjectively offensive working environment that altered the terms and conditions of Alexander's employment by creating a work environment that was hostile to female employees. *See Gupta v. Florida Bd. Of Regents*, 212 F.3d 571, 583 (11th Cir. 2000). The court also finds a genuine issue of material fact about whether the plaintiff's failure to take advantage of any preventative or corrective opportunities for reporting sexual harassment was reasonable. *See Faragher v. City of Boca Raton*, 524 U.S. 742 (1998).

(4) Defendant Joel Montgomery's motion for summary judgment is DENIED on the plaintiff's constructive discharge claim. When construed in the light most favorable to the plaintiff, the court finds that a jury could reasonably conclude that Montgomery's alleged disparate treatment of female employees and allegedly verbally abusive conduct created a work condition that was so intolerable that a reasonable person in Alexander's position would have been forced to resign.

(5) Defendant Joel Montgomery's motion for summary judgment is DENIED on the

---

Furthermore, defense counsel did not argue the defense of qualified immunity at the September 15, 2005 hearing on the motion for summary judgment. Consequently, the court finds that defendant Montgomery has abandoned his qualified immunity defense. *See Witbeck v. Embry Riddle Aeronautical University, Inc.,* 219 F.R.D. 540, 547 (M.D. Fla. 2004) ("That judges have no duty to scour the file in search of evidence is an obvious corollary to the requirement that parties specifically identify the portions of the case file which support their assertions regarding whether genuine issues remain for trial.").

plaintiff's retaliation claim. When construed in the light most favorable to the plaintiff, the court finds that a jury could reasonably conclude that Alexander engaged in statutorily protected expression when she complained about Montgomery's behavior to another city councilman, was subjected to an adverse employment action, and has demonstrated a causal link between the adverse employment action and her complaints. *See Olmsted v. Taco Bell Corp*., 141 F.3d 1457, 1460 (11th Cir. 1998).

(6) The City of Birmingham's motion for summary judgment on all the plaintiff's claims[5] under 42 U.S.C. § 1983 is GRANTED. Given the facts of the case,[6] the City can only be liable under § 1983 for constitutional deprivations undertaken by persons with final policymaking authority. *See Scala v. City of Winter Park,* 116 F.3d 1396, 1399 (11th Cir. 1997). Section 1983 "recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality--that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986). Thus, a single act of a governmental official or employee thus does not give rise to liability unless it was made by an employee who possessed final authority to establish municipal policy with respect to the conduct at issue.

Although Councilman Montgomery retained exclusive authority over the terms and conditions of Alexander's employment, and thus, was a "final decisionmaker" in regard to the plaintiff's employment, the court does not find that Montgomery's exercise of his discretionary authority to terminate the plaintiff's employment can be imputed to the City. Instead, the facts

---

[5]Specifically, her gender-based disparate treatment, gender-based hostile work environment, constructive discharge, and retaliation claims.

[6]For example, the plaintiff does not argue that the City had a policy, custom, or practice of unconstitutional conduct for which it should be subjected to municipal liability. *See* doc. # 25, p. 44.

indicate that Montgomery's actions were not actions that the City of Birmingham officially sanctioned or ordered because the City did not have the authority to control Montgomery's employment decisions regarding his personal staff. *See Pembaur*, 474 U.S. at 479-80. *See also, Eggar v. City of Livingston*, 40 F.3d 312, 316 (9th Cir. 1994) (holding that a municipality cannot be liable for conduct it lacks the power to control, even if city officials knew of the conduct and even approved of it).

The organizational chart[7] submitted by the plaintiff in opposition to the motion for summary judgment clearly indicates that committee administrative assistants are under the direct supervision of the city council member responsible for their appointment. Similarly, the undisputed testimony of City Administrator Cheryl Kidd[8] establishes that neither the City nor the City Council had any authority to make employment decisions regarding the personal staff of individual city council members. For example, Kidd testified that the direct supervision of committee administrative assistants falls within the direct control of the individual city council member.[9] Although the City provides a budget for the maintenance and support of each councilman's office from which staff salaries may be paid, neither the City nor the City Council has any authority to control the manner in which an individual city councilman spends or disburses the budgeted funds.[10]

The court finds as a matter of law that Montgomery's alleged disparate treatment of

---

[7]*See* doc. # 26, *Ex*. E.

[8]*See* doc. # 26, *Ex*. D.

[9]Kidd Dep., p. 16, 32.

[10]*Id*. at p. 22-23.

female employees and verbally abusive conduct were not actions which the City of Birmingham officially sanctioned or ordered. Consequently, the city's motion for summary judgment on the plaintiff's 42 U.S.C. § 1983 claims is due to be GRANTED.

Based on the foregoing analysis, the court concludes that the motion for summary judgment filed by the City of Birmingham is due to be GRANTED and the motion for summary judgment filed by defendant Joel Montgomery is due to be GRANTED in part and DENIED in part.

A separate final order will be entered.

DONE and ORDERED this 22nd day of September, 2005.

Karon O. Bowdre

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE